IN THE **UNITED** STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MEGAN SHACKLETT | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | **CIVIL** ACTION NO. _____ |
| | § | |
| WALMART, INC. | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Walmart Inc. sued herein as Walmart, Inc. ("Walmart") the defendant herein, and files this, its Notice of Removal pursuant to 28 U.S.C. § 1332, 1441 and 1446, and state in support thereof:

***Removed Action and Parties.***

1.      This is a personal injury lawsuit. Pursuant to 28 U.S.C. § 1441, and the following, this civil action is removed from County Court at Law No. 2 of Nueces County, Texas, where this matter was pending under Cause No. 2024CCV-60007-2, in a matter styled, *Megan Schacklett v. Walmart, Inc.*

***Diversity Jurisdiction.***

2.      This court has diversity jurisdiction over this action. 28 U.S.C. § 1332. This action therefore is removable on that ground. 28 U.S.C. § 1441(a).

***Citizenship of Parties.***

3.      Plaintiff is an individual residing in Texas.

4.      Defendant Walmart was at the time of the filing of Plaintiff's Original Petition and is at the time of the filing of this Notice of Removal a corporation incorporated under the laws of the State of Delaware with its principal place of business in Arkansas. A corporation is "a citizen

of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Walmart Inc. is therefore a citizen of both Delaware and Arkansas and is not a citizen of Texas.

**Other Matters.**

5.     Plaintiff's Original Petition states in paragraph IX that she "seeks to recover monetary relief of over $1,000,000...." Based on the damages requested, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Timeliness of Removal.**

6.     Walmart was served with Plaintiff's Original Petition on January 5, 2024. Therefore, this action is removed within thirty days of receipt by Walmart of Plaintiff's Original Petition in this action and is timely filed under 28 U.S.C. § 1446(b).

**Notice.**

7.     Written notice of the filing of this notice of removal will be filed with the state court and provided to other parties as required by law.

**Attachments pursuant to local rules.**

8.     In accordance with federal statute and local rules, attached as appendices hereto are:

    A.     Index of matters being filed.

    B.     List of all counsel of record, including their addresses, telephone numbers and parties represented.

    C.     A true and correct copy of the docket sheet of the state court action.

D.      A true and correct copy of all executed process, pleadings asserting causes

of action, and orders signed by the state judge filed in the court from which removal is

sought.

WHEREFORE PREMISES CONSIDERED, Walmart hereby gives notice of removal of

this action to this Honorable Court.

Respectfully submitted,

ATLAS HALL & RODRIGUEZ LLP

By:     *Michael Rodriguez /s/*
        Michael Rodriguez
        Federal ID No. 18759
        State Bar No. 791553
        222 N. Expressway 83, Ste. 203
        Brownsville, Texas 78521-2258
        Telephone No. 956/574-9333
        Facsimile: 956/574-9337
        Email: mrodriguez@atlashall.com
        Susan Sullivan
        State Bar No. 1546700
        Federal ID No. 13144
        818 W. Pecan Blvd. (78501)
        P.O. Box 3725
        McAllen, Texas 78502
        Telephone No. 956/682-5501
        Facsimile: 956/686-6109
        Email: ssulivan@atlashall.com
        ATTORNEYS FOR DEFENDANT WALMART,
        INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was sent by electronic service on January 29, 2024 to opposing counsel as follows:

Mr. Durrell N. Hold          Email: dholt-svc@thomasjhenrylaw.com
THOMAS J. HENRY LAW PLLC
521 Starr St.
Corpus Christi, Texas 78401

                          *Michael Rodriguez /s/*
                          Michael Rodriguez

4

## INDEX OF MATTERS BEING FILED

1.  Index of Matters Being Filed

2.  List of all counsel of record, including their addresses, telephone numbers and parties represented.

3.  A true and correct copy of the docket sheet.

4.  A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought:

    a)  Plaintiff's Original Petition.

    b)  Citation Returned – **Wal-Mart.** Inc.

    c)  Defendant's Original Answer.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MEGAN SHACKLETT | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| WALMART, INC. | § | |
| *Defendant* | § | |

## LIST OF COUNSEL OF RECORD

| ATTORNEY FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANTS: |
|---|---|
| **Durrell N. Hold**<br>State Bar No. 24113086<br>Thomas J. Henry Law, PLLC<br>521 Starr St.<br>Corpus Christi, Texas 78401<br>Phone: 361/985-0600<br>Fax: 361/985-0601<br>Email: dholt-svc@thomasjhenrylaw.com | **Michael Rodriguez**<br>Federal ID No. 18759<br>State Bar No. 791553<br>ATLAS HALL & RODRIGUEZ LLP<br>222 N. Expressway 83, Ste. 203<br>Brownsville, Texas 78521-2258<br>Phone: 956/574-9333<br>Fax: 956/574-9337<br>mrodriguez@atlashall.com<br><br>**Susan Sullivan**<br>Federal I.D. No. 13144<br>State Bar No. 24126029<br>ATLAS HALL & RODRIGUEZ LLP<br>818 W. Pecan Blvd. (78501)<br>P.O. Box 3725<br>McAllen, Texas 78502<br>Phone: 956/682-5501<br>Fax: 956/686-6109<br>ssullivan@atlashall.com |

## Case Information

2024CCV-60007-2 | Megan Shacklett vs. Walmart, Inc

Case Number
**2024CCV-60007-2**
File Date
**01/03/2024**

Court
**CCAL2**
Case Type
**Injury or Damage - Other**

Judicial Officer
**Gonzales, Lisa**
Case Status
**Pending**

## Party

Plaintiff
**Shacklett, Megan**

Active Attorneys ▾
**Lead Attorney
Holt, Durrell
Retained**

Defendant
**Walmart, Inc**

## Events and Hearings

01/03/2024 Original Petition (OCA)

01/03/2024 Original Petition Documents E-filed ▾

Judicial Officer
**Gonzales, Lisa**

Comment
**Plaintiff's Original Petition**

01/03/2024 Service Request Information Sheet ▾

Comment
**Service Requested**

01/04/2024 Citation ♥

Served
**01/05/2024**

01/10/2024 Proof of Service ▼

Comment
**Return of Service/Citation-Walmart CT Corporation-served1**

01/26/2024 Original Answer ♥

Comment
**Defendant Walmart Inc.'s Original Answer**

## Financial

Shacklett, Megan

| | | | | |
|---|---|---|---|---|
| | **Total Financial Assessment** | | | **$358.00** |
| | **Total Payments and Credits** | | | **$358.00** |
| 1/3/2024 | Transaction Assessment | | | $358.00 |
| 1/3/2024 | E-file Payment | Receipt # 2024-134-DCCLK | Shacklett, Megan | ($221.00) |
| 1/3/2024 | State Credit | | | ($137.00) |

Filed
1/3/2024 11:28 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2024CCV-60007-2

| | | |
|---|---|---|
| MEGAN SHACKLETT | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | IN LAW NO. _____ |
| | § | |
| WALMART, INC | § | |
| | § | |
| *Defendant.* | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MEGAN SHACKLETT**, Plaintiff, complaining of **WALMART, INC,**

**"WALMART"** and would respectfully show the Court the following:

### I.    DICOVERY CONTROL PLAN

1. Plaintiffs intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over **$5,000,000.00** and a demand for judgment for all other relief to which Plaintiff may justly be entitled.

### II.    PARTIES

2. Plaintiff **MEGAN SHACKLETT** (Last three (3) DL NO.625, SSN 205) is an individual residing in Nueces County, Texas.

3. Defendant **WALMART, INC,** is a corporation conducting business in the State of Texas and can be served with process at with their registered agent, **CT Corporation System at 1999 Bryan Street, Suite 900 Dallas, Texas 75201.**

### III.    JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5. Venue is proper in Fort Bend County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because **Nueces County, Texas** was the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.   FACTS

6. On or about the 8th day of November 2022, Defendant WALMART was in possession of the premises WALMART, INC, located at 1821 South Padre Island Dr, Corpus Christi TX 78416. As a customer on the premises, Plaintiff was an invitee on the premises because she entered onto the Defendant's property with the express consent of the Defendant, and it was for the mutual benefit of both Plaintiff and Defendant. As such, Defendant owed a duty of care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe protecting her from injury by inspecting, cleaning, and maintaining the area in question. Defendant knew or should have known that the area where the clear gel substance was present—where Plaintiff fell—had not been properly inspected or maintained, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached their duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law.

7. Defendant breached the duty of care they owed to Plaintiff as a business invitee and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of the Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

## V.   NEGLIGENCE OF DEFENDANT WALMART

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of the Defendant WALMART, and their agents, servants, and employees were by violating the duty which he owed the Plaintiffs to exercise ordinary care in the operation of their premises in one or more of the following respects:

   a. in failing to keep to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's' premises;

   b. Failure to inspect the store and properly maintain it;

   c. Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

   d. Failing to provide safety of Plaintiff under the circumstances;

   e. Failing to warn invitees, including Plaintiff, that the area in question should be approached with caution;

   f. Negligently maintaining the area in question in such a way as to constitute a

-2-

negligent activity;

g. Failing to warn invitees, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

h. Failing to maintain the premises in a reasonably safe condition for the Plaintiff and other invitees;

i. Failing to remove the dangerous condition or warn of its existence;

j. Failing to properly train agents, servants, and employees; and

k. Failing to properly supervise and instruct agents, servants, and employees.

9. Defendant's negligence was a proximate cause of Plaintiff's injuries alleged herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

10. As a direct and proximate result of the collision and the negligent conduct of the Defendants, plaintiffs have suffered serious bodily injury.

## VI.   PREMISES LIABILITY

11. On or about the 8th day of November 2022, Defendant **WALMART** was in possession of the premises **WALMART, INC**, located at 1821 South Padre Island Dr, Corpus Christi TX 78416. As a customer on the premises, Plaintiff was an invitee on the premises because she entered onto the Defendant's property with the express consent of the Defendant, and it was for the mutual benefit of both Plaintiff and Defendant. As such, Defendant owed a duty of care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe protect her from injury performing an extermination job at the home of the Defendant. Defendant knew or should have known that the area where the clear substance was present—where Plaintiff fell—had not been properly inspected or maintained, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached their duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law.

12. This negligence proximately caused the Plaintiff's fall and injuries and other losses as set forth herein.

## VII.   GROSS NEGLIGENCE OF WALMART

13. Defendant **WALMART** negligent conduct was more than a momentary thoughtlessness or inadvertence. Rather, the Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to any person that may be in the path of the Defendant's actions. Defendant had actual subjective awareness of the risk

involved but nevertheless, proceeded in such conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated. §41.001(11) Texas Civil Practice & Remedies Code.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VIII.   EXEMPLARY DAMAGES

15. The above-referenced acts and/or omissions by Defendants **WALMART** constitutes malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

16. The Defendants' act or omissions described above, when viewed objectively from the standpoint of **WALMART** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

17. Defendant **WALMART** had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

19. Therefore, because of such acts of malice and gross negligence on behalf of Defendant **WALMART**. Plaintiff sues for exemplary damages in an amount to be determined at trial.

## IX.   CAUSATION AND DAMAGES

20. Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries, and damages as specifically set forth herein, all of which Plaintiff **MEGAN SHACKLETT** suffered.

21. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries to her neck, back, shoulder and other parts of her body generally. Her entire body was bruised, battered, and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects will abide with the Plaintiff for a long time into the future, if not for his entire life.

-4-

These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **MEGAN SHACKLETT** incurred the following damages:

    a.    Medical care and expenses incurred in the past;

    b.    medical care and expenses that will in all reasonable probability be incurred in the future;

    c.    Physical pain and suffering sustained in the past;

    d.    Physical pain and suffering that will in all reasonable probability be sustained in the future;

    e.    Physical impairment and disability in the past;

    f.    Physical impairment and disability that will in all reasonable probability be sustained in the future;

    g.    Loss of wages in the past;

    h.    Loss of past and future earning capacity;

    i.    Mental anguish in the past;

    j.    Mental anguish that will in all reasonable probability be suffered in the future;

    k.    Physical disfigurement in the past;

    l.    Physical disfigurement that will in all reasonable probability be suffered in the future; and

    m. Attorney's fees.

23. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

24. Plaintiff seeks monetary relief over **$1,000,000** and demands a judgment for all other relief to which he deems to be justly entitled.

## X.    INTEREST

25. Plaintiff further request both pre-judgment and post-judgment interest on all his damages as allowed by law.

## XI.    RULE 193.7 NOTICE

26. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notes that the production of any document in response to written discovery authenticates the

document for use against that part in any pretrial proceeding or at trial.

## XII.   DEMAND FOR JURY TRIAL

27. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XIII.   REQUEST PURSUANT TO RULE 28 FOR SUBSITUTION OF TRUE NAME

28. To the extent that the above-named Defendants and Parties are conducting business pursuant to a trade name or assumed name, then relief is sought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants and Parties answer in their correct legal and assumed names.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiffs' recover damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiffs are justly entitled under the law, and that the Court grants Plaintiffs such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled as a matter of law, equity , and including but not limited to:

1. Pain and Suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages.

Respectfully Submitted,

**THOMAS J. HENRY LAW, PLLC**
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____

Darrell N. Holt
State Bar No. 24113086
dholt-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**
*Service by email to this email address only

-7-

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Durrell Holt on behalf of Durrell Holt
Bar No. 24113086
dholt-svc@tjhlaw.com
Envelope ID: 83030114
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 1/3/2024 11:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Durrell Holt | | dholt-svc@tjhlaw.com | 1/3/2024 11:28:09 AM | SENT |

Filed
1/26/2024 11:12 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2024CCV-60007-2

| | | |
|---|---|---|
| MEGAN SHACKLETT, | § | IN THE COUNTY COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| WALMART, INC. | § | |
| *Defendant* | § | NUECES COUNTY, TEXAS |

## WALMART INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Walmart Inc. (sued herein as Walmart, Inc.") ("Walmart") the defendant in the above-styled and numbered cause, and files this, its Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.    General Denial

1.    Reserving the right to file other and further pleadings, exceptions and denials, Wal-Mart denies each and every material allegation contained in Plaintiff's Original Petition and demands that the Plaintiff be required to prove the same, if she can, by a preponderance of the evidence in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.    Affirmative Defenses

2.    Walmart asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.    Walmart asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of

Plaintiff's own negligence. Walmart requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

4.      Walmart is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

5.      Walmart is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

6.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

7.      Walmart alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Walmart has no liability.

8.      Walmart affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

9.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Walmart asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code.

2

Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10.    **To** the extent that any health care provider has written off its charges for medical care **for** Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Walmart, Walmart is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11.    Walmart is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Walmart contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12.    Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13.    Walmart alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and

damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14.    The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Walmart's own creation.

15.    Walmart states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Walmart had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

### III.    Jury Demand

16.    Walmart hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

WHEREFORE, PREMISES CONSIDERED, Walmart prays that Plaintiff take nothing by this suit, that Walmart recover its court costs and that it have such other and further relief to which it may be entitled.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP
818 W. Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

By:/s/Susan Sullivan _____
     Michael Rodriguez
     State Bar No. 00791553
     mrodriguez@atlashall.com
     Susan Sullivan
     State Bar No. 1546700
     Email: ssullivan@atlashall.com

     Attorneys for Defendant Walmart Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by electronic service on January 26, 2024 to opposing counsel as follows:

Mr. Durrell N. Hold
THOMAS J. HENRY LAW PLLC
521 Starr St.
Corpus Christi, Texas 78401
dholt-svc@thomasjhenrylaw.com

          /s/Susan Sullivan _____
          Susan Sullivan

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Sullivan
Bar No. 11546700
ssullivan@atlashall.com
Envelope ID: 83823723
Filing Code Description: Original Answer
Filing Description: Defendant Walmart Inc.'s Original Answer
Status as of 1/26/2024 11:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Durrell Holt | | dholt-svc@tjhlaw.com | 1/26/2024 11:12:52 AM | SENT |
| Leslie Delgado | | ldelgado@atlashall.com | 1/26/2024 11:12:52 AM | SENT |
| Bryanna Gonzales | | bgonzalez@atlashall.com | 1/26/2024 11:12:52 AM | SENT |
| Tammie Rodriguez | | tjr@atlashall.com | 1/26/2024 11:12:52 AM | SENT |

Associated Case Party: Walmart, Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Rodriguez | | mrodriguez@atlashall.com | 1/26/2024 11:12:52 AM | SENT |
| Susan RSullivan | | ssullivan@atlashall.com | 1/26/2024 11:12:52 AM | SENT |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Megan Shacklett | See Attached. |

| (b) County of Residence of First Listed Plaintiff **Nueces**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Benton County, AR**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>See Attached. | Attorneys *(If Known)*<br><br>See Attached. |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☒ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>   Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>   (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>   Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/<br>   Exchange |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1441 and §1332(a)
Brief description of cause:
Slip and fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Jan 25, 2024 | Michael Rodriguez /s/ |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.